IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DOYAL R. CANNON,**

   **Petitioner,**

v.               Case No.: 5:23-cv-00566

**WARDEN KATINA HECKARD,**

   **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

  Petitioner, Doyal Cannon, filed a § 2241 petition for a writ of habeas corpus, requesting this Court to "correct" his sentence by applying his earned time credits under the First Step Act ("FSA"). (ECF No. 1). Pending before the Court are Cannon's motion to waive the requirement to exhaust administrative remedies, (ECF No. 4), Cannon's motion for appointment of counsel, (ECF No. 2), and Respondent's motion to dismiss, contained in her Response. (ECF No. 9). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 9), be **GRANTED**; Cannon's petition, (ECF No. 1), and motion to waive exhaustion, (ECF No. 4), be **DENIED**; Cannon's motion for appointment of counsel, (ECF No. 2), be **DENIED, as moot**; and this matter be **DISMISSED** and **REMOVED** from the docket of the Court.

I. **Relevant History**

Petitioner Doyal Cannon is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Beckley with a projected release date of February 1, 2025. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/. In July 2019, Cannon pled guilty to one count of possession with intent to distribute heroin and fentanyl, one count of possession with intent to distribute cocaine, and one count of being a felon in possession of a firearm; he was sentenced to 92 months' imprisonment, with a supervised release term of six years to follow. *United States v. Cannon*, 1:18-cr-00454-SL-1 (N.D. Ohio, July 9, 2019), at ECF No. 32. On August 11, 2023, Cannon filed the instant § 2241 petition, asserting that he is entitled to have his earned time credits under the FSA applied to his sentence, and that the Federal Bureau of Prisons ("BOP") has misinterpreted the FSA. (ECF No. 1).

With his petition, Cannon filed a motion to waive the exhaustion requirement. (ECF No. 4). Cannon argues he should be excused from exhausting his administrative remedies, because his claim turns on an issue of statutory construction, and because exhaustion would be futile. He alleges the BOP has adopted an interpretation of the First Step Act that excludes all medium and high-risk prisoners from applying their earned time credits. (ECF No. 4 at 1–2). Cannon submitted some documentation of his attempts to exhaust his administrative remedies: grievances No. 1161386-R1 and 1161386-R2, in which Cannon states that FSA time credits are not dependent on recidivism risk scores, (ECF No. 4-1 at 3–4); an unnumbered grievance stating the same, (ECF No. 4-1 at 7); rejection notices for grievances Nos. 1161386-R1 and 1161386-R2, (ECF No. 4-1 at 1–2); a rejection notice for grievances Nos. 1161386-F1 and 1159353-R1, (ECF No. 4-1 at 5–6); an informal resolution form, (ECF No. 4-1 at 8–9); letters from Cannon to the Regional

2

Director, (ECF No. 4-1 at 10–12); and written messages between Cannon and prison staff, (ECF No. 4-1 at 13–15). Separately, Cannon filed an affidavit stating that FCI Beckley is "prohibiting, delaying, and being purposely negligent" under the Prison Litigation Reform Act. (ECF No. 3 at 1).

On August 31, 2023, the undersigned entered an Order directing Respondent to show cause why the relief requested by Cannon should not be granted. (ECF No. 8). Respondent filed a Response to the Show Cause Order on October 25, 2023. (ECF No. 9). Respondent argues that Cannon's habeas petition should be dismissed, because (1) he failed to exhaust his administrative remedies; (2) he is not currently eligible to apply FSA time credits because he has most recently been assessed to be at high-risk of recidivating; (3) the BOP's risk assessment system is entitled to substantial deference; (4) decisions under 18 U.S.C. § 3624 are discretionary and not reviewable by this court; and (5) Cannon does not have a protected liberty interest in being placed on home confinement or in an RRC. (ECF No. 9). Respondent attached to her response: a declaration by Misty Shaw, a BOP paralegal, attesting to Cannon's risk assessment level and administrative remedy history, (ECF No. 9-1 at 2–3); Cannon's administrative remedy record, (ECF No. 9-1 at 5–6); and Cannon's Individualized Needs Plan, (ECF No. 9-1 at 8–11). Cannon was most recently assessed to be at a high risk of recidivism. (ECF No. 9-1 at 2). Although given an opportunity, Cannon did not file a reply to Respondent's Response. (ECF No. 10).

II. **Standard of Review**

Respondent included her motion to dismiss within her response to the Show Cause Order. (ECF No. 9). Therefore, the motion will be construed as a motion for judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under

the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, *id.*, and "documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship*, 471 F.3d at 526 n.1).

### III. Discussion

#### A. Exhaustion

Although 28 U.S.C. § 2241 does not require exhaustion of administrative remedies, courts typically enforce an exhaustion requirement, because a writ of habeas corpus is an extraordinary remedy of last resort. *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). The benefit of exhaustion is that a prisoner may be able to get the relief he seeks

4

through the BOP grievance system and avoid the need for any judicial intervention. *See Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Moreover, even when the prisoner is unsuccessful in obtaining relief through administrative remedies, the administrative process creates a complete factual record that facilitates the court's review. *Id.*

The full grievance process within the BOP includes three formal levels: correctional facility, Regional Office, and Central Office. 28 C.F.R. § 542. A prisoner must appeal to all three levels to exhaust his administrative remedies. *Id.* Cannon filed grievances at the correctional facility level, and three at the regional level, but those grievances were rejected, and he did not appeal them to the Central Office. (ECF Nos. 9 at 3, 9-1 at 2, 6). Cannon admits that he has not exhausted his administrative remedies, but he argues that the exhaustion requirement should be waived, because his claims revolve around statutory construction and exhaustion would be futile. (ECF No. 4).

First, Cannon posits that the administrative exhaustion requirement does not apply to cases which raise an issue of pure statutory interpretation. (ECF No. 4 at 1). In support, he cites to *Coleman v. US Parole Comm'n*, in which the United States Court of appeals for the Third Circuit stated, "exhaustion is not required with regard to claims which turn only on statutory construction. This is especially so where it is unlikely that the agency will change its position, or where the claims turn on broader questions of legal interpretation." 644 F. App'x 159, 162 (3rd Cir. 2016). However, *Coleman* is not binding authority on this Court, which lies in the Fourth Circuit. There is some Fourth Circuit precedent indicating that courts may excuse an exhaustion requirement where the dispute is a matter of statutory construction, although not in the context of habeas petitions. *See McDonald v. Centra, Inc.*, 946 F.2d 1059, 1063 (4th Cir. 1991). Assuming that the same exception is available in habeas cases, Cannon has not demonstrated that

the exception applies to his case. Exhaustion is sometimes not required in cases where the dispute turns purely on an issue of statutory construction, because in those cases, the traditional purposes of exhaustion—developing a factual record and obtaining relief before resort to the courts—are absent. Where the legal question is neatly teed up for the court's review, exhaustion would needlessly delay a decision on the merits.

Here, however, Cannon implies that the BOP has adopted an unwritten policy to uniformly withhold the application of FSA credits for all inmates with medium and high risks of recidivism, (ECF No. 4 at 2) ("[T]he federal Bureau of Prisons has Adopted an Interpretation that the First Step Act, and 18 U.S.C. §§ 3624, 3632, Exclude All Medium and High Risk Assessment Prisoners from applying their Earned Time Credits[.]") (capitalization in original), but he provides no further evidence that such a policy exists, or that the policy has been applied to him. Therefore, he has not demonstrated that his petition presents a matter of statutory construction that would render exhaustion unnecessary.

Relatedly, Cannon argues that exhaustion would be futile. (ECF No. 4 at 2). Courts may waive exhaustion where the petitioner has shown that exhaustion would be futile and it is certain he will not receive the relief he seeks through the administrative appeal process, such as where there is a "clear and inflexible policy." *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007). However, Cannon must *show* that exhaustion would be futile, he cannot simply assert it. *See Teagle v. Champion*, 21 F. App'x 790, 792 (10th Cir. 2001) ("[T]he mere recitation of futility is not sufficient."). Without knowing exactly what policy the BOP has allegedly adopted regarding the application of earned time credits for inmates like Cannon, it is not apparent that exhaustion would be futile. The FSA provides that inmates seeking the application of earned time credits who are not

at a minimum or low risk of recidivism may petition the Warden for application of their FSA earned time credits. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II); 28 C.F.R. § 523.44(c)(2). Cannon has not alleged that this process does not exist at FCI Beckley or has been made unavailable to him. Therefore, Cannon has not demonstrated that exhaustion would be futile. Accordingly, the undersigned **FINDS** that Cannon's petition should be dismissed for failure to exhaust administrative remedies.

### B. Application of Time Credits

Although Cannon has failed to exhaust his administrative remedies, his petition may also be denied on the merits. Cannon stated in his administrative remedy filings that the application of FSA time credits is not dependent on an inmate's recidivism risk, (ECF No. 4-1 at 3–4, 7–8), but this is incorrect. Inmates of all recidivism risk levels are eligible to *earn* FSA time credits, 18 U.S.C. § 3632(d)(4), but only some inmates are eligible to *apply* those time credits. 18 U.S.C. § 3624(g)(1). The criteria for the application of earned FSA time credits are set out at 18 U.S.C. § 3624(g). A prisoner must have (A) earned time credits equal to the remainder of the imposed term of imprisonment, (B) shown a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk during the term of imprisonment, (C) had the remainder of the imposed term of imprisonment computed, and (D) been assessed to be a minimum or low recidivism risk level at the most recent assessment, or the two most recent assessments.[1] 18 U.S.C. § 3624(g)(1)(A)–(D). Cannon does not meet the last requirement, because he was most recently assessed to be a high recidivism risk. (ECF No. 9-1 at 2).

---

[1] To be eligible for prerelease custody, a prisoner must have a minimum or low recidivism risk level for the past two assessments; to be eligible for supervised release, a prisoner must have a minimum or low recidivism risk level for the most recent assessment. 18 U.S.C. § 3624(g)(1)(D).

If a prisoner does not have a minimum or low recidivism risk level, he must petition the Warden for individual approval of the application of his earned time credits. *See Smith v. Eischen*, No. 22-CV-1704 (NEB/DJF), 2023 WL 4203165, at *2 (D. Minn., June 27, 2023) ("Application of the FSA credits depends on maintaining a minimal or low risk of recidivism—or receiving an exception to that requirement from the warden[.]"); *Delgado v. Barraza*, No. 3:23-CV-881, 2023 WL 4553380, at *1 (M.D. Pa., July 14, 2023) ("Inmates with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release."); *Green v. Hudson*, No. 23-3115-JWL, 2023 WL 4374013, at *2 (D. Kan., June 29, 2023); *Taylor v. Berlin*, No. 23-CV-150-SM, 2023 WL 4055721, at *3 (D.N.H., June 14, 2023). Cannon does not allege that he has petitioned the Warden for application of his FSA time credits, nor does he allege he has had such a petition approved. (ECF Nos. 1, 2). Therefore, Cannon has not shown he is currently eligible to have his FSA time credits applied.

Further, decisions in other circuits have indicated that, if Cannon files a petition with the Warden to apply his time credits and the Warden denies it, that denial would not be reviewable by a court. *See Mars v. Heisner*, No. CV2201933PHXSPLJZB, 2023 WL 4977335, at *5 (D. Ariz., June 26, 2023), *report and recommendation adopted*, No. CV2201933PHXSPLJZB, 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (explaining that, because the judicial review provisions of the Administrative Procedure Act do not apply to decisions made pursuant to 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply earned time credits towards prerelease custody, unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority); *Walker v. Fikes*, No. 2:22-CV-41, 2023 WL 4004123, at *2 (S.D. Ga.,

May 16, 2023), *report and recommendation adopted*, No. 2:22-CV-41, 2023 WL 3997068 (S.D. Ga., June 14, 2023) (stating that decisions made by the BOP pursuant to 18 U.S.C. § 3624(g) are not subject to judicial review unless those decisions were outside its statutory authority); *Morales v. Brewer*, No. 2:22-CV-2207 AC P, 2023 WL 3626315, at *2 (E.D. Cal., May 24, 2023), *report and recommendation adopted*, No. 222CV02207DADACHC, 2023 WL 4535042 (E.D. Cal., July 13, 2023) ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court."). Accordingly, the undersigned **FINDS** that Cannon is not entitled to the relief he seeks, and his petition should be dismissed.

### IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 9), be **GRANTED**; Cannon's petition, (ECF No. 1), and motion to waive exhaustion, (ECF No. 4), be **DENIED**; Cannon's motion for appointment of counsel, (ECF No. 2), be **DENIED, as moot**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: January 17, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge