UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DOYAL R. CANNON,

    Petitioner,

v.                                CIVIL ACTION NO. 5:23-cv-00566

WARDEN KATINA HECKARD,

    Respondent.

## ORDER

Pending are Petitioner Doyal R. Cannon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1], Motion for Appointment of Counsel [ECF 2], Motion to Waive the Requirement to Exhaust Administrative Remedies [ECF 4], all filed August 22, 2023, and Respondent's Motion to Dismiss, contained in her Response [ECF 9], filed October 25, 2023. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on January 17, 2024. Magistrate Judge Eifert recommended that the Court grant Respondent's Motion to Dismiss, deny Mr. Cannon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Motion to Waive Exhaustion, deny as moot Mr. Cannon's Motion for Appointment of Counsel, and dismiss and remove this matter from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on February 5, 2024. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 11**], **GRANTS** Respondent's Motion to Dismiss [**ECF 9**], **DENIES** Mr. Cannon's Petition and Motion to Waive Exhaustion [**ECF 1 and 4**], **DENIES AS MOOT** Mr. Cannon's Motion for Appointment of Counsel [**ECF 2**], **DISMISSES** Mr. Cannon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**ECF 1**] and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: February 8, 2024



Frank W. Volk
United States District Judge